IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SCOTT RODGERS,

    Petitioner,                      No. CIV S-10-0581 GGH P

    vs.

GARY SWARTHOUT, et al.,

    Respondents.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on his plea of guilty in 1994 in Riverside County Superior Court of second degree murder with a firearm enhancement and sentenced to a term of eighteen years to life with the possibility of parole. Petition, p. 1. Petitioner herein challenges the seven-year denial of parole by the Board of Parole Hearings (BPH) at a February 11, 2009, subsequent parole consideration hearing. Petition, pp. 229, 297-306.

        Petitioner raises three grounds to challenge the denial: 1) the State of California and BPH violated petitioner's plea agreement and his Fourteenth Amendment due process rights by denying him parole for seven years under the provisions of Marsy's Law implemented after his plea agreement was final; 2) the BPH hearing decision violated the federal constitution's Ex

1

Post Facto clause by retroactive application upon petitioner of Marsy's Law; 3) the BPH hearing decision denied petitioner his federal due process rights because it was not supported by relevant, reliable evidence in the record that petitioner currently poses an unreasonable risk to public safety and by failing to articulate a nexus between factors cited and the conclusion that petitioner currently poses a risk to safety of the public. Petition, pp. 6-49.

Following respondent's filing of an answer on June 4, 2010, petitioner filed, on June 18, 2010, a motion for a preliminary injunction seeking to have the court enjoin enforcement of the amended provisions of Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law). Motion, p. 1. Before the court addresses the motion, respondent will be afforded the opportunity to respond to it.

Accordingly, IT IS ORDERED that:

1. Respondent must file a response to petitioner's June 18, 2010, motion for a preliminary injunction within twenty-one days.

2. Should petitioner seek to file a reply to any such response, he must do so within fourteen days thereafter.

DATED: July 2, 2010                    /s/ Gregory G. Hollows

                                       GREGORY G. HOLLOWS
                                       UNITED STATES MAGISTRATE JUDGE

GGH:009
rodg0581.ord