IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SCOTT RODGERS,

    Petitioner,                    No. CIV S-10-0581 JAM GGH P

    vs.

GARY SWARTHOUT, et al.,        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a preliminary injunction, filed on June 18, 2010, which petitioner filed along with his traverse after the answer had been filed in this case. Pursuant to the court's order, filed on July 2, 2010, respondent filed a response, opposing the motion, on July 26, 2010. Petitioner filed a reply on August 5, 2010.

        As noted in the prior order, petitioner pled guilty in 1994 in Riverside County Superior Court to second degree murder with a firearm enhancement, and he was sentenced to a term of eighteen years to life with the possibility of parole. Petition, p. 1. Petitioner herein challenges not only the denial of parole eligibility by the Board of Parole Hearings (BPH) at a

1

1   February 11, 2009 hearing, but also the seven-year deferral of the next parole eligibility hearing.
2   Petition, pp. 229, 297-306.
3     Petitioner raises three grounds to challenge the denial: 1) the State of California
4   and BPH violated petitioner's plea agreement and his Fourteenth Amendment due process rights
5   by denying him another parole eligibility hearing for seven years under the provisions of Marsy's
6   Law implemented after his plea agreement was final; 2) the BPH hearing decision violated the
7   federal constitution's Ex Post Facto clause by retroactive application upon petitioner of Marsy's
8   Law; 3) the BPH hearing decision denied petitioner his federal due process rights because it was
9   not supported by relevant, reliable evidence in the record that petitioner currently poses an
10  unreasonable risk to public safety and by failing to articulate a nexus between factors cited and
11  the conclusion that petitioner currently poses a risk to safety of the public.  Petition, pp. 6-49.
12  Petitioner's Motion
13    In the motion for a preliminary injunction, petitioner seeks to have the court
14  enjoin enforcement of the amended provisions of Cal. Penal Code § 3041.5, as amended in 2008
15  by Proposition 9 (Marsy's Law).  Motion, p. 1.  After a careful review, the undersigned finds that
16  there is no basis for an injunction in this context.
17    *Argument*
18    Petitioner argues that he is likely to prevail on the question of whether Marsy's
19  Law is a retroactive application of a parole statute in violation of the ex post facto clause, that by
20  the application of that statute resulting in an increased parole deferral period he has been
21  subjected to a longer term of incarceration, that he is thereby likely to suffer irreparable harm and
22  that the balance of hardships and the public interest favor issuance of an injunction.  Motion, pp.
23  3-8.
24    Respondent counters that Marsy's Law (the amended provisions of Cal. Penal
25  Code § 3041.5) has already been applied to petitioner at his latest parole suitability hearing held
26  on February 11, 2009, inasmuch as at that time in finding him unsuitable for parole, the BPH

found that his next parole consideration hearing should be held in seven years based on their consideration of the public safety; thus there is no basis for issuance of a preliminary injunction, as "the anticipated action has already occurred." Opposition (Opp.), p. 1-2. Respondent observes that petitioner, an indeterminately sentenced prisoner, had previously received multiple year parole denials and that the BPH maintains discretion to advance a future hearing date based on a change in circumstance or new information. Opp., pp. 3-4. Nor, respondent argues, does petitioner otherwise meet the stringent preliminary injunction standards. Id., at 1-5.

In reply, petitioner avers that under the pre-2008 version of the statute he would likely have received no more than a one or two-year parole denial, noting that his first two parole denials occurred at intervals of three and two years, respectively. Reply, p. 2. He contends that almost eighteen months have passed since his last parole hearing and that "[t]here is a significant likelihood" that he would have appeared before the BPH six months earlier "with a strong possibility of being found suitable for parole and being released by now." Reply, p. 3.

*Analysis*

The petition raises conceptual problems because it seeks relief to overturn the past decision of BPH on the merits of petitioner's parole eligibility, and seeks relief as to the future scheduling of petitioner's next hearing (assuming, the court supposes, that petitioner does not prevail on the merits of his past hearing). The case is also complicated by the fact that a 42 U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision at issue.

Petitioner references Gilman v. Fisher, CIV-S-05-0830 LKK GGH, a case which proceeds as a class action, on behalf of prisoners convicted of murder and serving a sentence of life with the possibility of parole with at least one parole denial, challenging the state procedures denying class members parole as well as the deferred reconsideration following a denial. Petitioner appears to fit those parameters. The Ninth Circuit has recently affirmed Judge Karlton's order certifying the class. See Mandate, filed on June 28, 2010, in Gilman v. Fisher,

1  CIV-S-05-0830 LKK GGH (Docket # 258), of which this court takes judicial notice.[1]  Although
2  petitioner laments that Gilman (or this case) is unlikely to be resolved quickly, it is generally in
3  the context of an action pursuant to 42 U.S.C. § 1983 that petitioner, as plaintiff, may challenge
4  the constitutionality of Marsy's Law.
5         The Supreme Court has found that where prisoners sought the invalidation of state
6  procedures used to deny parole suitability or eligibility, but did not seek an injunction ordering
7  their immediate release from prison, their claims were cognizable under 42 U.S.C. § 1983.
8  Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005).  Here petitioner challenges
9  the validity of a parole statute or regulation on the basis that its application to him violates the ex
10 post facto clause.  Although petitioner's ultimate goal is a speedier release from incarceration,
11 the immediate relief sought here vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to
12 convince BPH once again that he should be released; that is too attenuated from any past finding
13 by the BPH of parole suitability for such a claim to sound in habeas.
14        Maintaining the future aspects of the BPH decision into this habeas petition
15 creates logistical difficulties.  For example, should this court decline to find that Marsy's Law is
16 ex post facto, does petitioner remain a member of the Gilman class?  Does he get a second bite at
17 the apple? Conversely, should the Gilman class members not acquire relief, can petitioner still
18 seek relief here.  These problems highlight the policy not to permit a class member to seek
19 injunctive relief applicable to the class outside of the class action.  A plaintiff who is a member
20 of a class action for equitable relief from prison conditions may not maintain a separate,
21 individual suit for equitable relief involving the same subject matter of the class action. See
22 Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d
23 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged

---

[1] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

If petitioner seeks relief speedier than that being adjudicated for the other class members, this is an issue which can be raised within the class action by requesting to opt out. McReynolds v. Richards-Cantase, 588 F.3d 790, 800 (2nd Cir. 2009). Of course, seeking damages is never within the ambit of habeas jurisdiction.

To the extent that petitioner is challenging the 2009 parole decision finding him unsuitable for parole (ground 3 above), that matter will be adjudicated in this action.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for a preliminary injunction, filed on June 18, 2010 (docket # 14), be denied, and that his claim for relief with respect to Marsy's Law (grounds 1 and 2 above involving the deferred parole eligibility hearing date) be stricken without prejudice to their resolution in the Gilman class action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2010                          /s/ Gregory G. Hollows

 _____
 GREGORY G. HOLLOWS
 UNITED STATES MAGISTRATE JUDGE

GGH:009 - rodg0581.pi