IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SCOTT RODGERS ,

    Petitioner,                No. CIV S-10-0581 JAM GGH P

   vs.

GARY SWARTHOUT, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On February 4, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

\\\\\

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

The parties timely responded to the order. Petitioner sought a stay in light of a petition for re-hearing pending in Swarthout (and a petition for writ of certiorari in Cate v. Pirtle (No. 10-868)). See Motion to Stay (docket # 22). However, the petition for re-hearing in Swarthout to the Supreme Court, relied on by petitioner, has subsequently been denied. See Swarthout v. Cooke, __ S. Ct.__, 2011 WL 1225812 (U.S. Apr. 04, 2011). The Ninth Circuit has noted the unequivocal decision in Swarthout. See Pearson v. Muntz, __F.3d ___, 2011 WL 1238007 *5 (9th Cir. Apr. 5, 2011) (under Swarthout, due process requires no more than that an inmate seeking parole have an "opportunity to be heard, a notification of the reasons as to denial of parole and access to their records in advance"); see also, Roberts v. Hartley, __F.3d __, 2011 WL 1365811 * 4( 9th Cir. Apr. 12, 2011) (California courts, not the Ninth Circuit, are responsible for proper application of "the constitutionally adequate procedures governing California's parole system..." citing Swarthout, 131 S. Ct. at 86[3]). Therefore, the motion for a stay should be denied.

Petitioner raised three grounds for relief in challenging his parole denial. See Petition. As respondent notes,[2] grounds 1 and 2, seeking to implicate Marsy's Law have been stricken without prejudice to their resolution in the Gilman[3] class action. See Findings and Recommendations, filed on August 24, 2010, adopted by Order, filed on September 30, 2010. In ground 3, petitioner claims he was denied due process by the Board of Parole Hearings' (BPH) decision because it was not supported by relevant, reliable evidence in the record that petitioner currently poses an unreasonable risk to public safety and by failing to articulate a nexus between the factors cited and the conclusion that petitioner currently poses a risk to public safety. Petition, pp. 6-28, 35-48. However, for the reasons set forth in the prior order, there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded

---

[2] Respondent's supplemental briefing (docket # 23).

[3] Gilman v. Fisher, CIV S-05-0830 LKK GGH.

from a review of the state court's application of its "some evidence" standard.[4]  This court's review of the BPH hearing transcript confirms that petitioner received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, at 862; Petition, pp. 227-304[5]; Answer (docket # 13-7, pp. 33-110).  Because the only remaining claim is based on alleged violation of California's "some evidence" requirement, the petition should be denied.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1. Petitioner's February 25, 2011 (docket # 22), motion for a stay be denied; and

        2. The petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

---

[4] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law.

[5] The court's electronic pagination is referenced.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2011         /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rodg0581.fr